**Masood N. KHAN, Plaintiff,**

v.

**Togo D. WEST, Jr., Secretary of Veteran Affairs, Defendant.**

**No. 3:99CV186–V.**

United States District Court,
W.D. North Carolina,
Charlotte Division. .

Oct. 10, 2000.

Louis L. Lesesne, Jr., Lesesne & Connette, Charlotte, NC, for Masood N. Khan, plaintiff.

James M. Sullivan, AUSA, U.S. Attorney's Office, Charlotte, NC, for Togo D. West, Jr., Sec DVA, defendant.

## *MEMORANDUM AND ORDER*

VOORHEES, District Judge.

**THIS MATTER** is before the Court on "Plaintiff's Motion to Determine Defendant's Compliance with Settlement Agreement" and "Plaintiff's Brief in Support of Motion to Determine Defendant's Compliance with Settlement Agreement", both filed June 14, 2000. "Defendant's Response to Plaintiff's Motion to Determine Defendant's Compliance with Settlement Agreement" was filed August 3, 2000. "Plaintiff's Reply Brief in Support of Motion to Determine Defendant's Compliance with Settlement Agreement" was filed August 17, 2000.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Beginning in 1983, Plaintiff was employed by the Department of Veteran Affairs ("VA") as a physician. Because Plaintiff was not then a United States citizen, his employment was required to be on a year-to-year basis, pursuant to 38 U.S.C. §§ 7405 and 7407. When Plaintiff's employment was not renewed in 1994, he initiated a claim of discrimination based on race, religion and national origin under § 717 of Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 2000e–16. The VA made an administrative determination that Plaintiff had been the victim of illegal discrimination and was entitled to relief under Title VII. When an issue arose

as to the VA's compliance with its obligations under Title VII, Plaintiff initiated this lawsuit.

Following the filing of this action, the parties reached an agreement which provided, *inter alia*, for Plaintiff's reinstatement to permanent employment with the VA as a physician.[1] Pursuant to the settlement agreement, the VA converted Plaintiff to a permanent full-time appointment effective Sunday, February 13, 2000. In addition, the VA gave Plaintiff credit for his temporary service as if his employment had never been interrupted from July 31, 1983 through February 13, 2000, the effective date of his full-time employment.

Following Plaintiff's reinstatement, the VA generated a Standard Form 50–B, Notification of Personnel Action, which indicated that as part of his reinstatement Plaintiff was subject to completion of a two-year probationary period, beginning February 13, 2000. Plaintiff contends that this probationary period violates the terms of the settlement agreement and asks this Court to order the VA to remove any requirement that he serve a probationary period.

## II. DISCUSSION

Both Plaintiff and Defendant agree that 38 U.S.C. § 7403 imposes a two-year probationary period on all physicians receiving permanent appointments to the VA. *See* 38 U.S.C.A. § 7403 (West 1991 & Supp. 2000). However, they disagree on how § 7403 applies when a physician receiving a permanent appointment previously held successive temporary appointments. According to Plaintiff, a physician who has held more than two one-year temporary appointments already has satisfied § 7403's two-year probationary period and cannot be subjected to another such period. Plaintiff bases his argument on the

---

**1.** Plaintiff became a United States citizen in 1996, entitling him to permanent appoint- ment under 38 U.S.C. § 4401.

language of the statute. Section § 7403 states that the two year probationary period applies to physicians "appointed under this chapter...." § 7403(a)(2)(A), (b)(1). Plaintiff argues that "this chapter" refers to Chapter 74 of Title 38 and that his temporary appointment under § 7405, also part of Chapter 74, was an appointment "under this chapter." Consequently, Plaintiff maintains that he long ago completed his probationary period and that the VA has no authority to subject him to yet another period.

Plaintiff argues that the "crystal clear language" of § 7403 must prevail. Plaintiff is correct that, under the most basic tenets of statutory construction, "unless there is some ambiguity in the language of the statute, a court's analysis must also end with the language of the statute." *Selgeka v. Carroll*, 184 F.3d 337, 342–43 (4th Cir.1999). Nevertheless, this rule may be departed from in those rare circumstances "where acceptance of that meaning would lead to absurd results ... or would thwart the purpose of the statute...." *Trans Alaska Pipeline Rate Case*, 436 U.S. 631, 643, 98 S.Ct. 2053, 56 L.Ed.2d 591 (1978) (*citing Commissioner v. Brown*, 380 U.S. 563, 571, 85 S.Ct. 1162, 14 L.Ed.2d 75 (1965)). Consistent with this exception to the general rule of statutory construction, the VA argues that it is an oxymoron for Plaintiff to assert that a two-year probationary period can be served during successive one-year temporary appointments.

The Court concludes that § 7403 does represent one of the rare circumstances where the "crystal clear language" of the statute leads to "absurd results." Specifi-

cally, the Court finds it highly improbable that Congress intended for temporary employees, whose appointments are limited to 90 days unless otherwise approved by the Under Secretary for Health (*see* § 7405(c)(1)), to be subject to a two-year probationary period. In considering the purpose of the probationary period imposed by § 7403, the Court reviewed the statute's legislative history. While the Court was unable to locate any relevant Congressional statements regarding § 7403, the Court did find relevant statements regarding 38 U.S.C. § 4106, the predecessor of § 7403.[2] In recommending that the probationary period be reduced from three to two years, the Senate noted that:

> in reaching a determination as to the appropriate length of probation, a balance must be struck between the need for the employer to evaluate fully and properly the performance of an employee and the employee's need to achieve the lack of apprehension and uncertainty which is best achieved when employment is no longer conditional.

S.Rep. No. 96–155 (1979). Unlike the permanent employee who has completed his or her probationary period, a temporary employee always faces "apprehension and uncertainty" regarding the longevity of his or her employment. Thus, the Court concludes that Congress did not intend for the probationary period to apply to temporary employees.

The Court is not alone in its conclusion. In *Woods v. Milner*, 955 F.2d 436 (6th Cir.1992), the Sixth Circuit Court of Appeals considered the right of temporary

---

**2.** Section 4106 was repealed as part of the complete revision of Chapter 73 of Title 38 by Pub.L. 102–40. Section 4106(b) read, in part: Such appointments as described in subsection (a) of this section shall be for a probationary period of two years and the record of each person serving under such appointment in the Medical, Dental, and Nursing Services shall be reviewed from time to time by a board, appointed in accordance with regulations of the Administrator, and if

said person shall find such person not fully qualified and satisfactory such person shall be separated from the service.
38 U.S.C.A. § 4106(b) (West 1990). Section (a) governed the qualification for appointment of "physicians, dentists, podiatrists, optometrists, and nurses ..." and made no reference to whether those appointments were permanent or temporary. 38 U.S.C.A. § 4106(a) (West 1990).

VA physicians to permanent employment. In reviewing the claims before it, the Sixth Circuit outlined the types of physician employment available at the VA.

Under the statutory scheme governing physician employment at VA facilities, employees are in three categories: (1) permanent appointees who have completed a two year probationary period ... (2) permanent appointees who are serving their two-year probationary periods ... and (3) temporary appointees.... While permanent appointees have certain statutory rights incident to the review of discipline and termination, including peer review, temporary appointees are subject to termination at will without advance notice.

*Id.* at 437. The Sixth Circuit's categorization of VA employees demonstrates the logic of limiting probation to permanent employees. A temporary appointee with no employment protection can advance to probationary employment, which affords the employee minimal protection, and then to permanent employment with full employment protection. Thus, like the Sixth Circuit, the Court concludes that the probationary period applies only to permanent employees, and not to temporary employees.

### III. CONCLUSION

Because the Court concludes that the probationary period only applies to permanent employees, the Court finds that Plaintiff did not serve a probationary period during his temporary employment. Further, the Court finds that the VA did not violate the terms of its Settlement Agreement with Plaintiff when, in conjunction with appointing Plaintiff to a permanent position, it also subjected him to completion of a two-year probationary period as required by 38 U.S.C. § 7403.

### IV. ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to order Defendant to remove the requirement that he serve a probationary period is hereby **DENIED**.