**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

---

MASOOD N. KHAN,

    *Plaintiff-Appellant,*

v.

TOGO D. WEST, JR., Secretary of
Department of Veteran Affairs,

    *Defendant-Appellee.*

No. 00-2450

---

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CA-99-186-3-V)

Argued: April 5, 2001

Decided: May 7, 2001

Before WILKINSON, Chief Judge, MOTZ, Circuit Judge, and
Patrick M. DUFFY, United States District Judge for the
District of South Carolina, sitting by designation.

---

Reversed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Louis L. Lesesne, Jr., LESESNE & CONNETTE, Charlotte, North Carolina, for Appellant. James Michael Sullivan, Assistant United States Attorney, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Mark T. Calloway, United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Plaintiff Masood Khan is a permanent employee of the United States Department of Veterans Affairs ("VA"). In this case, Khan sought a declaration that his previous service as a temporary VA employee satisfied the two-year probationary period required of all permanent VA employees under 38 U.S.C. § 7403. The district court ruled against Khan on the grounds that such an interpretation of Section 7403 would yield absurd results. *See Khan v. West*, 122 F. Supp. 2d 596 (W.D.N.C. 2000). Because a plain reading of the statutory text indicates that Khan has already served his probationary period, we must reverse the judgment.

I.

Beginning in 1983, Dr. Masood Khan was employed as a physician by the United States Department of Veterans Affairs ("VA"). Khan served at the VA Medical Center in Salisbury, North Carolina. Prior to 1996, Khan was not a United States citizen. Therefore, his employment was on a full-time temporary (year-to-year) basis pursuant to 38 U.S.C. §§ 7405 and 7407. In 1994, the VA did not renew Khan's employment contract. In response, Khan initiated a claim of discrimination based on race, religion, and national origin under § 717 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. Khan prevailed in a subsequent administrative proceeding when the VA issued a final agency decision holding that Kahn was the victim of illegal discrimination. Pursuant to this decision, the VA notified Khan that he was permanently assigned to work as a cardiologist in the VA facility in Walla Walla, Washington. Khan had become an American citizen in 1996, and he was therefore eligible for permanent employment. However, Khan initiated this lawsuit because he sought to remain at a VA facility in North Carolina.

The parties resolved this dispute by entering into a Settlement Agreement on February 9, 2000. Under the terms of the Agreement, the VA was to appoint Khan to a full-time permanent position of Staff Physician at the VA facility in Salisbury, North Carolina. This appointment was effective as of February 13, 2000. Under the Settlement Agreement, the VA also was to give Khan "credit for his temporary service as if his employment had never been interrupted from July 31, 1983 through the effective date of his full-time appointment, to wit: February 13, 2000."

Following his reinstatement, the VA notified Khan that he was subject to completion of a two-year probationary period, beginning February 13, 2000. The VA informed Khan that this probationary period was required of all permanent VA employees pursuant to 38 U.S.C. § 7403. Khan claimed, however, that his previous service as a temporary employee satisfied Section 7403's probationary requirement. Khan sought a declaration from the district court that the VA had violated the terms of the Settlement Agreement by subjecting him to what was, in his view, an additional probationary period.

The district court agreed that the plain language of Section 7403 seemed to recognize Khan's previous service for purposes of the probationary period. *See Khan*, 122 F. Supp. 2d at 598. However, the court held that because such a reading of Section 7403 would yield an absurd result, it would deny Khan's motion. *Id.* Khan now appeals.

II.

Section 7403 creates a two-year probationary period for certain VA employees. *See* 38 U.S.C. § 7403.[1] Section 7403 states that the proba-

---

[1]38 U.S.C. § 7403 states, in relevant part:

(a)(1) Appointments under this chapter of health-care professionals to whom this section applies may be made only after qualifications have been satisfactorily established in accordance with regulations prescribed by the Secretary, without regard to civil-service requirements.

(2) This section applies to the following persons appointed under this chapter:

tionary period applies to physicians, among others, who are "appointed under this chapter." 38 U.S.C. § 7403(a)(2), (b)(1). The "under this chapter" language in Section 7403(a)(2) refers to Chapter 74 of Title 38, of which Section 7403 is a part. Khan was appointed under 38 U.S.C. §§ 7405 and 7407, both of which are also part of Chapter 74. Therefore, a plain reading of the statute indicates that Section 7403 and its accompanying probationary period applied to Khan's service as a temporary employee. Accordingly, Khan has long ago concluded his probationary period as a result of his seventeen years of temporary employment.

The VA contends that this reading of Section 7403 is incorrect. The VA does not argue that its interpretation of Section 7403 is due deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Rather, the VA presents a textual argument that Section 7403 only applies to permanent employees. Section 7403 itself in no way differentiates between permanent and temporary employees. However, the VA contends that Section 7401, which provides for the appointments of certain VA physicians,[2] is

---

    (A) Physicians.

    (B) Dentists.

    (C) Podiatrists.

    (D) Optometrists.

    (E) Nurses.

    (F) Physician assistants.

    (G) Expanded-function dental auxiliaries.

  (b)(1) Appointments described in subsection (a) shall be for a probationary period of two years.

38 U.S.C. § 7403.

[2] 38 U.S.C. § 7401 states, in relevant part:

    There may be appointed by the Secretary such personnel as the Secretary may find necessary for the medical care of veterans (in addition to those in the Office of the Under Secretary for Health appointed under section 7306 of this title), as follows:

limited to permanent employees. Even assuming this to be true, the language of Section 7403 is not limited to employees appointed under Section 7401. Rather, by its very terms, Section 7403 applies to all physicians "appointed under this chapter." *See* 38 U.S.C. § 7403(a)(2). While Khan may have been appointed under Section 7405 rather than Section 7401, both sections fall under Chapter 74. Therefore, Section 7403's probationary period began to run when Khan was first appointed under Section 7405.

Finally, while it may seem odd to require temporary employees to serve a two-year probationary period, interpreting Section 7403 in this way does not yield an absurd result. In fact, the statute might have been designed to apply to situations exactly like this one — namely, where a long-serving temporary employee is promoted to permanent-employee status. In such cases, Congress may have concluded that an additional two-year probationary period would be unnecessary since the temporary employee would have already served for an extended period under the VA's supervision. In all events, we shall apply the statute as Congress wrote it.

### III.

For the foregoing reasons, the judgment of the district court is

*REVERSED*.

---

(1) Physicians, dentists, podiatrists, optometrists, registered nurses, physician assistants, and expanded-function dental auxiliaries.

38 U.S.C. § 7401.